# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DOLEN GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:14-CV-521 JVB |
| vs. | ) |
| | ) |
| WILLIAM WILSON, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Dolen Glenn, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 2.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, the complaint is not a model of clarity, but it can be discerned that Glenn is an adherent of the Eastern Orthodox faith. He is presently housed at Wabash Valley Correctional Facility ("WVCF"), and he claims he is being denied certain religious items, including a prayer rug and holy water, and that the prison does not provide anyone to administer the sacrament. He further alleges that while he was at Indiana State Prison ("ISP") in 2011 and 2012, he was

wrongfully removed from the religious count letter due to a disciplinary issue. Although his claims all pertain to his religious faith, they involve discrete incidents occurring over different time periods at different correctional facilities.[1] As the U.S. Court of Appeals for the Seventh Circuit has explained, litigants cannot join unrelated claims against different defendants in one case:

> A buckshot complaint . . . say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions should be rejected . . . . [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . .

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, the complaint will be stricken, and the plaintiff will be afforded an opportunity to file an amended complaint under this cause number which incorporates related claims. If he has other claims he wishes to pursue, he may raise them in a separate lawsuit, subject to the usual constraints of the Prison Litigation Reform Act. Regardless of which claim he decides to pursue in this case, he must explain in his own words what happened, where it happened, when it happened, and who was involved, providing as much detail as possible. He must also explain how each named defendant was personally involved in the violation of his rights.

---

[1] Glenn appears to name Indiana Department of Correction officials in connection with both claims. While he could join unrelated claims against related defendants, the only link to these defendants is premised on a *respondeat superior* theory of liability. He alleges that they should be held responsible because they hired the prison staff members who violated his rights. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

For these reasons, the court:

(1) **STRIKES** the complaint (DE 2);

(2) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form and send it to the plaintiff;

(3) **GRANTS** the plaintiff to and including May 5, 2014, to file an amended complaint as outlined herein; and

(4) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

**SO ORDERED** on March 24, 2014.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division